IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PEDRO A. RAMIREZ,<br>     Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-97-230 |
| GARY L. JOHNSON, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>     Respondent. | §<br>§<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pedro A. Ramirez ("Ramirez") has filed a 28 U.S.C. § 2254 Habeas Corpus Petition (Docket No. 1) claiming that an October 28, 1988, sentence should be set aside because of ineffective assistance of counsel and other unspecified constitutional violations. The State, claiming that this petition is time barred, has filed a Motion to Dismiss as Time Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support (Docket No. 7). For the reasons set forth below, this Motion should be granted and Ramirez's petition dismissed.

## BACKGROUND

According to an unpublished opinion of the Thirteenth Court of Appeals (Docket No. 7, Exhibit A), Ramirez was sentenced to four years probation for carrying a weapon on licensed premises in 1986. On October 31, 1988, that probation was revoked because Ramirez had pled guilty to aggravated assault. He was sentenced to ten years on the aggravated assault charge and four years on the charge of carrying a weapon on licensed premises.

On June 15, 1989, the Thirteenth Court of Appeals affirmed his conviction. Ramirez did

not seek discretionary review. On September 19, 1996, he filed an application for writ of mandamus with the state trial court. (State Court Records p. 1). The Texas Court of Criminal Appeals denied Ramirez's Motion for leave to file a writ of mandamus on February 26, 1997. The federal habeas action was filed on September 23, 1997.

## RECOMMENDATION

Ramirez's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA") since it was filed after the effective date of that Act, April 26, 1996. Within AEDPA is a one year limitation statute, 28 U. S.C. § 2244(d). In Ramirez's case, that limitation period began to run on April 26, 1996, since his state conviction was final before the passage of AEDPA, *United States v. Flores,* 135 F.3d 1000, 1003 n. 7 (5th Cir. 1998), *cert. denied* ---- U.S.----; 119 S.Ct. 1135 (1999). Ramirez's application for writ of mandamus was not a properly filed state application for relief which would have tolled the one year statute of limitations. The Court of Criminal Appeals denied his Motion for Leave to File an Application for Writ of Mandamus, (State Records, unnumbered page), thus this state application was never properly filed. *See Galindo v. Johnson*, 19 F.Supp.2d 697 (W.D. Texas 1998) (where Court held that a state application for writ of habeas corpus is "properly filed", such that it tolls limitations period for filing federal habeas petition, if the state application complies with all applicable procedural requirements, regardless of whether application is deemed by state court to be frivolous). Hence, since the writ of mandamus was not properly filed, the one year AEDPA limitation period was never tolled and the time period for Ramirez to file a federal habeas petition expired on April 27, 1997.

A review of this file does not lead to the conclusion that any other provisions contained

in 28 U.S.C. § 2244(d)(1)(B)(C) or (D) would apply to Ramirez's claims.

IT IS THEREFORE **RECOMMENDED** that the State's Motion to Dismiss as Time Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support be **GRANTED.**

IT IS FURTHER **RECOMMENDED** that Pedro A. Ramirez's Habeas Petition be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 28th day of September 1999.

_____
John Wm. Black
United States Magistrate Judge