14

United States District Court
Southern District of Texas
ENTERED

DEC 0 1 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO A. RAMIREZ, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-230 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
|     Respondent. | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This petition for writ of habeas corpus was dismissed on October 19, 1999. Petitioner has since filed a notice of appeal and application for certificate of appealability.

The Antiterrorism and Effective Death Penalty Act (AEDPA), passed on April 24, 1996, affects appeals in habeas corpus proceedings by amending both 28 U.S.C. §2253 and Fed. R. App. P. 22(b). Under the amended § 2253(c), an appeal from a habeas petition under 28 U.S.C. § 2254 (state detention) or from a motion under 28 U.S.C. § 2255 (federal detention) may not be taken unless a circuit justice or judge issues a certificate of appealability. However, the amended Fed. R. App. P. 22(b) allows an appeal from a habeas petition under § 2254 (state detention) to be taken if either a district or a circuit judge issues a certificate of appealability. The United States Court of Appeals for the Fifth Circuit has resolved these inconsistencies by holding that the express grant of authority to the district court, in Fed. R. App. P. 22 (b), is compelling and less likely to have resulted from oversight than the restriction of authority to the circuit court in § 2253(c). *Else v. Johnson*, 104 F.3d. 82, 83 (5th Cir. 1997).

The standard of issuance of a certificate of appealability under AEDPA is the same as the standard for the formerly required certificate of probable cause: the applicant must make a "substantial showing of the denial of a constitutional right." *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), *superseded by statute on other grounds, Shute v. State of Texas*, 117 F.3d 233 (5th Cir. 1997); see also *Hernandez v. Johnson*, 108 F.3d 554 (5th Cir. 1997), *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). This means that the applicant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, emphasis original (1983). Because the petitioner filed his federal habeas petition a day passed the one year statutory deadline set out in the AEDPA, the court finds the petitioner has not made the appropriate showing under *Drinkard*.

It is, therefore, ORDERED that a certificate of appealability be DENIED.

Done at Brownsville, Texas on this 24 of November 1999.

_____
Hilda G. Tagle
United States District Judge

ClibPDF - www.fastio.com