U.S. COURT OF APPEALS
FILED
JUL 19 2001
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
AUG 14 2001
Michael N. Milby
Clerk of Court

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-41323

---

PEDRO A. RAMIREZ,

    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

    Respondent-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
(B-97-CV-230)

---

Before KING, Chief Judge, BARKSDALE, Circuit Judge, and NOWLIN,[1] District Judge.

PER CURIAM:[2]

In 1988, following a guilty plea, Pedro A. Ramirez was sentenced to four years imprisonment; the Texas Court of Criminal Appeals affirmed his sentence in 1989. On 19 September 1996, Ramirez filed a petition for writ of mandamus, pursuant to Texas

---

[1]District Judge of the Western District of Texas, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule of Appellate Procedure 121, in a Texas trial court.  (The version of Texas Rule of Appellate Procedure 121 applicable at the time stated: "An original proceeding for a writ of mandamus ... *in an appellate court* shall be commenced by delivering to the clerk of the court" a motion for leave to file the petition and the petition.  (Emphasis added.))  The trial court construed the mandamus petition as an application for writ of habeas corpus and, on 8 November 1996, recommended that it be denied.  On 26 February 1997, without written order, the Texas Court of Criminal Appeals, apparently declining to accept the trial court's characterization of Ramirez's mandamus petition as a habeas petition, denied Ramirez "leave to file" an "application for writ of mandamus".

Following the district court's denial of both habeas relief and a certificate of appealability (COA), our court granted a COA on "whether the district court properly dismissed [Pedro A.] Ramirez's § 2254 petition as time-barred".  ***Ramirez v. Johnson***, No. 99-41323 (5th Cir. 2 May 2000) (order granting COA).

Having considered the briefs, pertinent parts of the record, the report and recommendation of the magistrate judge, and the district court's dismissal of the habeas petition pursuant to that recommendation, we agree that Ramirez's petition for writ of

2

mandamus was *not* "a properly filed application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2) and, therefore, did *not* toll the period for filing his federal habeas petition. The denial of habeas relief is

*AFFIRMED.*

3